UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARIEL CHAVAN and SEAN CHAVAN,

    Plaintiffs,

v.

JOHN DOE, a/k/a JESSICA D. WRIGHT, a/k/a JASON WRIGHT, a/k/a JAYSON WRIGHT, a/k/a JT WRIGHT.

    Defendant.

No. C13-01823 RSM

ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

This matter comes before the Court on Plaintiffs' *Ex Parte* Motion for Leave to Take Expedited Discovery. Dkt. # 2. For the reasons set forth below, Plaintiffs' motion is GRANTED.

Plaintiffs Ariel and Sean Chavan filed their complaint in this matter on October 9, 2013, asserting claims for violations of the Stored Communications Act, 18 U.S.C. § 2701, et. seq.; the Wiretap Act, 18 U.S.C. § 2510, et. seq.; and invasion of privacy by electronic communication under RCW 4.24.790. Dkt. # 1. Plaintiffs allege incidents of online harassment, identity theft, impersonation, and invasion of privacy taking place over a seven-year period and perpetrated by a single unidentified Defendant operating under several aliases. Plaintiffs have been unable to serve process on Defendant, believed to be residing in Texas (*Id.* at ¶¶ 20, 36, 49), as they are unable to identify his or her name and address.

**ORDER GRANTING LEAVE TO TAKE EXPEDITED DISCOVERY**- 1

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Sovereign Bank v. Terrence Scott Twyford, Jr.*, No. C11-1256RSM (W.D. Wash. Aug. 16, 2012) (adopting the "good cause" standard for motions for expedited discovery); *Renaud v. Gillick*, 2007 WL 98465 (W.D. Wash. 2007)(finding that plaintiffs demonstrated good cause for expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)(applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the *sine qua non* of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Renaud*, 2007 WL 984645, at *2.

Courts routinely permit early discovery for the limited purpose of identifying "Doe" defendants on whom process could not otherwise be served. *See, e.g.*, *The Thompsons Film, LLC. v. Does 1-194*, Case No. 2:13-cv-00560-RSL (W.D. Wash. Apr. 1, 2013)(allowing early discovery from internet service providers because plaintiff cannot otherwise identify Doe defendants); *Digital Sin, Inc. v. Does 1-5698*, 2011 WL 5362068 (N.D. Cal. 2011)(granting leave to subpoena internet service provider to identify Doe defendant); *AF Holdings LLC v. Does 1-97*, 2011 WL 2912909 (N.D. Cal. 2011); *Malibu Media, LLC v. John Does 1-23*, 2012 WL 1144822 (D.Co. 2012); *Cottrell v. Unknown*

**ORDER GRANTING LEAVE TO TAKE EXPEDITED DISCOVERY**- 2

*Correctional Officers, 1-10,* 230 F.3d 1366, *1 (9th Cir. 2000)(explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint.").

Where internet-based communication is concerned, courts balance the right to participate in online forums anonymously or pseudonymously with the need to provide parties injured by the acts of anonymous tortfeasors with a forum to seek redress for grievances. *Columbia Ins. Co. v. Seeascandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). "[W]here the identity of the alleged defendant[][is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)(quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  In determining whether good cause exists to allow expedited discovery to identify an anonymous defendant, district courts have evaluated whether (1) the plaintiff identifies the missing party with sufficient specificity to allow the Court to determine that the defendant is a real person who could be sued in federal court, (2) the plaintiff has made a good faith effort to comply with service of process, (3) plaintiff's suit could withstand a motion to dismiss, and (4) plaintiff's request for discovery identifies a limited number or persons or entities on whom discovery process could be served and is reasonably likely to lead to identifying information about defendant. *Columbia Ins. Co.,* 185 F.R.D. at 578-80; *Ingenuity13 LLC v. Doe*, 2012 WL 4111812 (S.D. Cal. 2012). *Compare*, *Salehoo Group, Ltd. v. ABC Co.*, 722 F.Supp. 2d 1210, 1215-16 (W.D. Wash. 2010)(applying a more stringent prima facie evidence standard for the unmasking of anonymous defendants whose First Amendment rights to protected speech in an internet forum may be implicated).

**ORDER GRANTING LEAVE TO TAKE EXPEDITED DISCOVERY**- 3

The Court finds that Plaintiffs have complied with the requirements for conducting expedited discovery in order to identify sufficient information about Defendant in order to serve process. Plaintiffs have provided evidence identifying Defendant as a real individual and traced Defendant's tortious actions to Texas. Dkt. # 5, Ex. G. Plaintiffs have demonstrated their good faith attempts to uncover the identity of Defendant in order to serve process and alleged valid causes of action capable of withstanding a motion to dismiss. Dkt. ## 1, 3, 4. They have also demonstrated to the Court's satisfaction the likelihood that limited discovery will permit Plaintiffs to serve process by identifying the subscriber name and contact information for the account allegedly used to commit violations identified in Plaintiffs' Complaint. Dkt. # 5, ¶¶ 4, 14, Ex. G.

As in similar cases that have authorized discovery to unmask Defendants engaging in anonymous online behavior, it appears that Plaintiffs will be thwarted in their attempts to identify Defendant without formal discovery mechanisms. *See, e.g.*, *Malibu Media,* LLC, 2012 WL 1144822, at *2; *Arista Records, LLC. v. John Does 1-19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008). On the other side of the equation, Defendant is unlikely to suffer prejudice where the discovery request is narrowly tailored to seek identity, *Arista Records LLC v. Does 1-43,* 2007 WL 4538697, at * 1 (S.D. Cal. 2007), and where the complaint alleges tortious acts to which First Amendment protections do not apply. *See USA Technology, Inc. v. Doe*, 713 F.Supp. 2d 901, 906 (affirming that the "Constitution does not [] protect tortious, defamatory, or libelous speech). The balance accordingly favors granting leave to Plaintiff to take early discovery.

The Court further finds that good cause exists where, as here, limited expedited discovery may be necessary to preserve important information in danger of destruction. The administration of justice is facilitated where early discovery mitigates the risk that an internet service provider will destroy critical logs prior to conference of the parties. *UMG Recordings, Inc. v. Doe*, 2008 WL 41042114, at *4; *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011)(reporting that courts in the Ninth Circuit "permit expedited discovery to identify unknown defendants usually when the

**ORDER GRANTING LEAVE TO TAKE EXPEDITED DISCOVERY**- 4

plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction); *Arista*, 2007 WL 4538697, at * 1. Plaintiffs in the instant case have provided statements by two key internet service providers, Google, Inc. and Facebook, Inc., indicating that they are unwilling to preserve evidence absent valid legal process. Dkt. # 5, Ex. A & B. Plaintiffs have also shown to the Court's satisfaction that Defendant's prior actions indicate that he or she is unlikely to preserve evidence of infringing conduct. Dkt. # 1, ¶¶ 29-30; Dkt. # 3, ¶¶ 8-9. The Court finds that the early discovery sought is narrowly tailored to ensure preservation of relevant information without causing undue prejudice to Defendant.

Thus, having considered the Motion, as well as supporting declarations and exhibits, and finding good cause exists, the Court hereby ORDERS that Plaintiff's *Ex Parte* Motion for Leave to Take Expedited Discovery (Dkt. # 2) is GRANTED.

Plaintiffs may initiate discovery, including the issuance of subpoena under Fed. R. Civ. P. 45, on the following entities seeking the following information:

1. Plaintiffs may serve a subpoena on Grande Communications Networks LLC seeking production of any subscriber information, including name(s), address(es), email address(es), phone number(s), and Media Access Control number(s), related to the internet service account to which IP address 24.155. 100.31 was assigned as of September 23, 2013.

2. Plaintiffs may serve a subpoena on Facebook, Inc. seeking production of subscriber information, including any user name(s), email address(es), account creation date and time, most recent logins, phone or mobile device numbers, confirmation of whether and when a profile was publicly viewable, and any IP address used to create, access, or log-in to a profile, as well as any current or former publicly-available content, related to the following profiles or accounts (identified by User ID and/or vanity URL):

    a. Wright888

**ORDER GRANTING LEAVE TO TAKE EXPEDITED DISCOVERY**- 5

      b. romanceguy07

      c. jason.wright.509

      d. jay.wright.5209

      e. 100000510205843

      f. 100002226478250

      g. chris.chavan.3

3. Plaintiffs may serve a subpoena on Google, Inc. seeking production of subscriber information, including user name(s), email address(es), account creation date and time, most recent logins, phone or mobile device numbers, and any IP address used to create, access, or log-in, as well as any current or former publicly-available content, for the following accounts/profiles (identified by email address and/or user name):

      a. swimmerchavan503@gmail.com

      b. jsnwright07@gmail.com

      c. Arielosu (YouTube User)

      d. Space8Bound (YouTube User)

An entity served with a subpoena authorized by this Order shall give written notice, which includes email notice, and a copy of the subpoena to any affected subscriber(s) as soon as possible after service of the subpoena. The receiving entity and/or any affected subscriber(s) shall have thirty (30) days from the date of service of the subpoena on the receiving entity to object to the subpoena pursuant to Fed. R. Civ. P. 45(c)(2)(B). The receiving entity shall not disclose subscribers' identifying information during the 30-day period or if a timely objection is served unless and until the Court orders it to do so. If an objection is served, the ISP shall preserve any material responsive to the

**ORDER GRANTING LEAVE TO TAKE EXPEDITED DISCOVERY**- 6

subpoena for a period of six months in order to allow plaintiff to move for an order compelling production under Fed. R. Civ. P. 45(c)(2)(B)(i). If no objection is served, the ISP shall comply with the subpoena within ten (10) days.

Dated this 28 day of October 2013.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

**ORDER GRANTING LEAVE TO TAKE EXPEDITED DISCOVERY**- 7