UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARIEL CHAVAN and SEAN CHAVAN,

        Plaintiffs,

  v.

IRIS RAYN COHEN, a/k/a, IRIS RAYN YOUNGBLOOD, a/k/a, TAYLOR COHEN, a/k/a, TAYLOR JAE WRIGHT, a/k/a JESSICA D. WRIGHT, a/k/a JASON WRIGHT, a/k/a JAYSON WRIGHT, a/k/a JT WRIGHT, a/k/a JAY WRIGHT, a/k/a CHRIS REED, a/k/a CHRIS CH, a/k/a CHRIS CHAVAN, a/k/a CHRIS GRAHAM, a/k/a JESSICA AKE,

        Defendant.

No. C13-01823 RSM

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION IN PART

This matter comes before the Court on Motion for Default Judgment and Permanent Injunction by Plaintiffs Ariel and Sean Chavan (the "Chavans"). Dkt. # 19. The Court has considered Plaintiffs' Motion and attached exhibits as well as testimonial evidence presented during an evidentiary hearing on June 29, 2015. Now being fully apprised, the Court grants Plaintiffs' Motion in part for the reasons stated herein.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION IN PART - 1

**PROCEDURAL BACKGROUND**

Plaintiffs filed this action on October 9, 2013, asserting claims for violations of the Stored Communications Act, 18 U.S.C. § 2701, et seq., the Wiretap Act, 18 U.S.C. § 2511, et seq., and invasion of privacy by electronic communication under RCW 4.24.790. Dkt. # 1. Plaintiffs' operative Second Amended Complaint alleges incidents of online harassment, identity theft, impersonation, and invasion of privacy taking place from September 2006 through October 2013. *See* Dkt. # 15 ("SAC"). After being granted expedited discovery into Defendant's identity, Plaintiffs accomplished service and Defendant defaulted. Plaintiffs now seek an award of, collectively, over $3,300,000 in compensatory, statutory, and punitive damages as well as attorney's fees and costs.

**FACTUAL BACKGROUND**

Plaintiff Ariel Chavan attests that in September 2006, Defendant, then presenting by the name Jessica D. Wright, obtained access to his Hotmail.com email account, which Defendant used to intercept messages daily from September 2006 to October 31, 2012. SAC at ¶ 17; Dkt. # 20 (Ariel Decl.), ¶ 3. Plaintiff similarly alleges that Defendant gained unauthorized access to his university account, intercepting emails for ten days from September to October 2006; to his MySpace account, intercepting communications for at least 120 days in the spring and summer of 2009; and to an additional Hotmail.com account, intercepting emails for ten days in the spring of 2009. SAC at ¶¶ 22, 26, 30; Ariel Decl. at ¶ 3.

Plaintiff Ariel Chavan additionally alleges that Defendant created a profile on Facebook.com in July 2010 impersonating his identity and proceeded to use the account to intercept communications intended for Ariel Chavan each day from July 2010 until April 2013. SAC at ¶ 37, Ariel Decl. at ¶ 3. Plaintiff further alleges that in September 2012, Defendant created an account on Gmail.com, which

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION IN PART - 2

Defendant used to impersonate Ariel Chavan for the purpose of obtaining a credit report and to regularly intercept messages intended for him from September 2012 through October 31, 2013. SAC at ¶¶ 42-43; Ariel Decl. at ¶ 6-7. Finally, Plaintiff Ariel Chavan alleges that on October 29, 2012, Defendant sent an email containing Plaintiff's full Social Security number to Plaintiff's employer from his Hotmail.com address attempting to reset the password for his employment accounts. SAC at ¶ 44.

Plaintiff Sean Chavan alleges that on September 23, 2013, Defendant obtained unauthorized access to four of his email accounts and his Facebook.com account, changing the passwords and preventing Plaintiff from accessing the accounts or information stored therein. SAC at ¶ 59; Dkt. # 21 (Sean Decl.), ¶ 2. Plaintiff Sean Chavan alleges that Defendant attempted to obtain unauthorized access to his Facebook.com account as recently as February 2014, despite receiving service of the First Amended Complaint in this action. SAC at ¶ 115. Plaintiff Ariel Chavan similarly alleges that Defendant attempted to impersonate him to one or more third parties as recently as March 2014. *Id.* at ¶ 114.

Defendant has attempted to use the identities and information obtained from Ariel Chavan to initiate romantic connections and to obtain bank records and has posted numerous false statements on social networking sites falsely attributed to Plaintiff. Plaintiffs allege that Defendant's actions have caused them to sustain damages, loss, and injury, including humiliation and injury to reputation.

**LEGAL STANDARD**

After default is entered, the Court may enter a default judgment. *See* LCR 55; Fed. R. Civ. P. 55. Entry of default judgment is left to the sound discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court considers seven factors, referred to as the "*Eitel* factors": (1) the possibility of prejudice to the plaintiff if relief is denied, (2) the

substantive merits of the plaintiff's claims, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a dispute concerning material fact, (6) whether default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

At the default judgment stage, well-pleaded factual allegations are taken as true, with the exception of those related to damages. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). These allegations are considered admitted for the purpose of establishing the defendant's liability. *Id.*; *see also* Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation – other than one relating the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied"). The district court may conduct a hearing in order to investigate any matter appropriate to effectuate judgment, including determining the amount of damages. Fed. R. Civ. P. 55(b)(2). The Court must ultimately ensure that the amount of damages is reasonable and demonstrated by the plaintiff's evidence. Getty Images (US), Inc. v. Virtual Clinics, 2014 WL 358412, *2 (W. D. Wash. 2014). "A default judgment may not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**DISCUSSION**

A.  *Eitel* **Factors**

The Court finds that the *Eitel* factors favor entry of default judgment in this case. First, as to the sufficiency of Plaintiffs' Complaint, Plaintiffs have pled allegations, which, considered admitted for the purpose of default judgment, are sufficient to establish Defendant's liability under the Stored Communications Act, Wiretap Act, and RW 4.24.70.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION IN PART - 4

The Stored Communications Act prohibits intentionally accessing without authorization a facility through which an electronic communication service is provided and thereby obtaining, altering, or preventing authorized access to a wire or electronic communication while it is in electronic storage in such system. 18 U.S.C. § 2701(a). Plaintiffs have shown that Defendant intentionally accessed multiple such facilities in connection with three of Ariel Chavan's email accounts and his faked Facebook.com profile and MySpace account, as well as Sean Chavan's four email accounts and hacked Facebook.com account. A number of these incidents occurred within the two-year statutory limitations period applicable to SCA claims. *See* 18 U.S.C. § 2707(f) (limiting civil actions to "two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation").

A civil action for damages under the Wiretap Act is created by 18 U.S.C. § 2520, which provides that "[a]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation…." Plaintiffs have shown that Defendant intentionally intercepted and endeavored to intercept thousands of such communications via Ariel Chavan's and Sean Chavan's hacked email and social media accounts. Defendant also unlawfully disclosed and used the contents of such communications with reason to know that they were unlawfully intercepted. A number of these violations occurred within the two-year limitations period for claims brought under the Wiretap Act, which limits Plaintiffs' claims to violations that they first had a reasonable opportunity to discover on or after October 9, 2011. 18 U.S.C. § 2520(e) (limiting civil actions to "two years after the date upon which the claimant first has a reasonable opportunity to discover the violation").

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION IN PART - 5

A person violates RCW 4.24.790(2) when "(a)[t]he person impersonates another actual person on a social networking web site or online bulletin board; (b) [t]he impersonation was intentional and without the actual person's consent; (c) [t]he person intended to deceive or mislead for the purpose of harassing, threatening, intimidating, humiliating, or defrauding another; and (d) [t]he impersonation proximately caused injury to the actual person…inclu[ding] injury to reputation or humiliation, injury to professional or financial standing, or physical harm." RCW 4.24.790(2). A claimant is authorized to seek actual damages, injunctive relief, and declaratory relief under the act. RCW 4.24.790(3). As the statute does not set forth a limitations period, the Court finds that the three-year limitations period applicable for injury to property and fraud applies. RCW 4.16.080.

Plaintiffs have shown that Defendant violated RCW 4.24.790(2) by impersonating Ariel Chavan without his consent on at least three social networking websites (MySpace, Facebook.com, and Mylife.com). Defendant did so in order to deceive others into believing that Defendant was Ariel Chavan for the purpose of defrauding others. At least one of these impersonation events occurred within the applicable limitations period. *See* SAC at ¶ 49.

As to the remaining *Eitel* factors, the Court finds that Plaintiffs will be prejudiced absent entry of default judgment, both because they will be unable to recover damages and because they will be unable to enjoin Defendant from engaging in future acts, given Defendant's proven propensity to continue violations even after being served with process. The Court further finds that, once damages for violations that fall outside the applicable limitations periods are excluded, the sum of money at stake is not so substantial as to weigh against entry of default judgment, particularly in light of the ongoing and willful nature of Defendant's conduct. The Court does not identify a possibility of dispute over material facts that precludes entry of judgment given the testimony heard by the Court during the

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION IN PART - 6

evidentiary hearing and the documentary evidence filed. There is also no indication that Defendant's default is due to excusable neglect. On the contrary, Defendant is aware of this case and has deliberately chosen not to engage in the judicial process. *See* Dkt. # 22 (Matesky Decl.), ¶¶17-18. Finally, the policy in favor of deciding cases on their merits is not dispositive, particularly as "Defendant's failure to answer [Plaintiffs'] Complaint makes a decision on the merits impractical, if not impossible." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Accordingly, the Court determines that default judgment shall be entered and proceeds to determine the relief warranted by the proven violations perpetrated by Defendant.

**B. Monetary Relief**

Plaintiffs request an award of monetary relief in the amount of $3,330.062.68 to Ariel Chavan ($2,000.68 in actual damages, $2,223,000 and $222,300 in statutory damages, $32,265 in attorney's fees, $497 in costs, and $850,000 in punitive damages) and $165,000 to Sean Chavan ($5,000 and $10,000 in statutory damages, and $150,000 in punitive damages).

1. **Actual and Statutory Damages**

    a. **Stored Communications Act**

A party may obtain damages for violations of the Stored Communications Act as follows:

> The Court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000.

18 U.S.C. § 2707(c). The Court agrees with the reasoning set forth in *In re Hawaiian Airlines, Inc.* and finds that a plaintiff need not prove actual damages or profits and that multiple violations of the SCA

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION IN PART - 7

may warrant multiplying the $1,000 minimum statutory award by the number of each discrete violation. *In re Hawaiian Airlines, Inc.*, 355 B.R. 225, 230-232 (D. Haw. 2006).

As set forth above, the SCA provides a two-year statute of limitations that begins to toll on the date the claimant "first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C. § 2707(f). This statutory provision on its face precludes Plaintiffs from recovering damages for any violations that they discovered prior to October 9, 2011. *See Maddalena v. Toole*, 2013 WL 5491869 (C.D. Cal. 2013) (dismissing SCA claims as time-barred). While Plaintiffs contend that the statute of limitations does not begin to toll where violations are ongoing, they provide no support for this proposition, and the plain language of the statute clearly precludes it.

As such, Plaintiff Ariel Chavan may not recover for interception of his ariel-can@hotmail.com, university, MySpace, or Facebook.com accounts, as well as initial interception of his arielosu@hotmail.com account beginning in 2006. Plaintiff discovered that Defendant had gained unlawful access to these accounts prior to 2011. Plaintiff Ariel Chavan may, however, recover for a renewed interception of his arielosu@hotmail.com account on October 29, 2012, through which Defendant attempted to gain access to Plaintiff's work accounts. The Court accordingly assesses statutory damages of $1,000 for Plaintiff Ariel Chavan. He is also entitled to recover $2,000.68 in actual damages for security and privacy protection services he purchased, as attested to at the evidentiary hearing, following this latter violation. *See* Ariel Decl. at ¶ 8. Sean Chavan may likewise recover $1,000 for Defendant's unauthorized access to and control over each of his five different accounts in September 2013, for a total of $5,000.

b. **Wiretap Act**

Under the federal Wiretap Act, the Court "may assess as damages whichever is the greater of— (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2)(B). Like that prescribed for the SCA, the two-year statute of limitations begins to run once the "claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). A plaintiff need not know the identity of the perpetrator of the illicit wiretapping if knowledge of the wiretapping itself would lead to discovery of the perpetrators. *Directtv, Inc. v. Garza*, 2005 WL 2269053, *2 (E.D. Wash. 2005) (citing *Andes v. Knox*, 905 F.2d 188, 189 (8th Cir. 1990)); *see also Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984)).

Here, Plaintiff Ariel Chavan, by his own admission, had knowledge of Defendant's illicit interception of communications through Ariel Chavan's email accounts and social networking sites prior to 2011 and as far back as 2006. Ariel Chavan may, however, recover for Defendant's use of the swimmerchavan503@gmail.com account to intercept electronic communications intended for Ariel Chavan from September 2012 through October 31, 2013. *See* SAC at ¶¶ 42, 43. Plaintiff Ariel Chavan may also recover for Defendant's renewed use of his arielosu@hotmail.com account on October 29, 2012 in an attempt to control his employment accounts and to disclose his Social Security number obtained through the illicit interception of electronic communication. *See* 18 U.S.C. § 2511(1) (prohibiting interception and disclosure of electronic communication).

In terms of the statutory damages amount, Plaintiff is entitled to recover $10,000 for interception and $10,000 for disclosure, because they are considered two separate violations of 18 U.S.C. § 2511. *See Romano v. Terdik*, 939 F.Supp. 144, 150 (D.Conn. 1996) (citing cases). Because

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION IN PART - 9

Ariel Chavan was unable to attest to or provide an evidentiary basis for the number of days on which Defendant used the swimmerchavan503@gmail.com account to intercept communications, the Court finds it appropriate to award Plaintiff $10,000 per violation at the statutory maximum to avoid engaging in a speculative damages exercise. Plaintiff is therefore entitled to recover $10,000 for the interception of his communications and $10,000 for disclosure, for a total of $20,000.

Defendant is also liable to Plaintiff Sean Chavan for interception of four accounts occurring on a single day. Plaintiff Sean Chavan may accordingly recover statutory damages in the amount of $10,000 for Defendant's violations.

**2. Attorney's Fees**

Plaintiffs are also entitled to recover their attorney's fees and costs reasonably incurred in pursuing their claims under the SCA, the Wiretap Act, and RCW 4.24.790. *See* 18 U.S.C. §§ 2707(b)(e), 2420(b)(3); RCW 4.24.790(3)(b). The Court employs the lodestar method to calculate the appropriate fee award, pursuant to which it multiples the number of hours reasonably spent pursuing the case by the reasonable hourly rate charged. *See, e.g. Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1065-66 (N.D. Cal. 2010). Plaintiffs' counsel has submitted a declaration attesting that he spent 119.5 hours pursuing the claims brought in this litigation at the rate of $270 per hour. Having reviewed counsel's billing records, the Court finds the hourly rate reasonable and commensurate with rates charged for similar work in this judicial district and finds the hours incurred to be reasonable and non-duplicative. *See* Matesky Decl. at Ex. C. The Court accordingly awards Plaintiffs the requested $32,265 in attorney's fees as well as $497 in documented, compensable litigation expenses. *See* Matesky Decl. at Ex. D.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION IN PART - 10

### 3. Punitive Damages

Punitive damages are authorized under 18 U.S.C. § 2520(b)(2) and 2707(c) and may be awarded on account of wanton, reckless, or malicious conduct. *See Jacobson v. Rose*, 592 F.2d 515, 520 (9th Cir. 1978). The Supreme Court has set forth three guideposts for assessing the constitutionally appropriate level of a punitive damages award: (1) the degree of reprehensibility of the defendant's conduct, (2) the ratio between the actual or potential harm suffered by the plaintiff and the punitive damages award, and (3) the difference between a punitive damages award and the civil penalties authorized or imposed in similar cases. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). In practice, "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id.* at 424-25.

Here, Plaintiffs have shown that Defendant behaved in a wanton and reckless manner, continuing over the course of nearly a decade to pursue access to Plaintiffs' electronic communications and to use information contained therein to Defendant's advantage and Plaintiffs' detriment. While an award of punitive damages is therefore appropriate, the Court does not find awards of $850,000 and $150,000 to Ariel and Sean Chavan, respectively, to be commensurate with the harm they have suffered or appropriate in light of the exclusion of statutory damages for time-barred claims. *See Smoot v. United Transp. Union*, 246 F.34d 633, 649 (6th Cir. 2001) (instructing trial courts to reexamine the amount of punitive damages in light of the reduction of statutory damages available under § 2520(c)(2)(B)). The Court finds that, in light of Defendant's reprehensible course of wanton and willful targeting of Plaintiffs' identities and private communications, a ratio of 5:1 punitive to statutory and actual damages is appropriate. The Court has herein assessed statutory and actual damages in the amounts of $23,000.68 for Ariel Chavan and $15,000 for Sean Chavan. The

Court accordingly awards Ariel Chavan $115,003.40 in punitive damages and $75,000 in punitive damages to Sean Chavan.

### C. Injunctive Relief

Plaintiffs request entry of a judgment and order enjoining Defendant from further unlawful acts. Injunctive relief is available under the SCA, the Wiretap Act, and RCW 4.24.790. *See* 18. U.S.C. §§2707(b)(1), 2520(b)(1); RCW 4.24.790(3)(a). The Court grants Plaintiffs' request to enter a permanent injunction, and finds the injunction set forth below to be appropriate and reasonably necessary to stem Defendant's campaign of targeting Plaintiffs' online communications and impersonating their identities in the future.

## CONCLUSION

For the above-stated reasons, the Court hereby ORDERS that Plaintiffs' Motion for Default Judgment and Permanent Injunction (Dkt. # 19) is GRANTED in part. The Court awards Plaintiff Ariel Chavan $2,000.68 in compensatory damages, $21,000 in statutory damages, $32,265 in attorney's fees, $497 in costs, and $115,003.40 in punitive damages, for a total of $170,766.08. The Court awards Plaintiff Sean Chavan $15,000 in statutory damages and $75,000 in punitive damages for a total of $90,000.

Plaintiffs are authorized to effect service of this Order and any subsequent order, judgment, or pleading in this suit, upon Defendant by sending a copy via U.S. Mail to Defendant's last known address and via email to kornfreakgurl88@yahoo.com and jsnwright07@gmail.com.

## PERMANENT INJUNCTION

Defendant is hereby permanently ORDERED and ENJOINED as follows:

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION IN PART - 12

A. Defendant and all other persons acting in concert or participation with Defendant:

1. Are prohibited from directly or indirectly accessing or attempting to obtain access to any email account, social networking account or profile, bank account, credit report, financial information, family history information, educational information, or other online or electronic account of any Plaintiff, or of any family member, friend, or associate of any Plaintiff;

2. Are prohibited from directly or indirectly contacting or communicating with, or attempting to contact or communicate with, any Plaintiff or any family member, friend, or associate of any Plaintiff, except through counsel;

3. Are prohibited from further engaging in any acts in violation of the Stored Communications Act, 18 U.S.C. § 2701, et. seq., related in any way to any Plaintiff or any family member, friend, or associate of any Plaintiff;

4. Are prohibited from further engaging in any acts in violation of the Wiretap Act, 18 U.S.C. § 2510, et. seq., related in any way to any Plaintiff or any family member, friend, or associate of any Plaintiff;

5. Are prohibited from further engaging in any acts in violation of RCW 4.24.790 related in any way to any Plaintiff or any family member, friend, or associate of any Plaintiff;

6. Are prohibited from impersonating any Plaintiff or any family member, friend, or associate of Plaintiff, or otherwise claiming to be a friend, family member, or associate of any Plaintiff;

7. Are prohibited from in any way inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts;

B.  Defendant is ORDERED to:

   1. Immediately and permanently cease and desist from any actions undertaken using any name, email account, messaging account, or social networking account associated with any Plaintiff or any family member, friend, or associate of any Plaintiff, including without limitation deleting and/or disabling any email, social networking, or other electronic or online account in Defendant's control through which Defendant has used the name or other identifying information of any Plaintiff, or any family member, friend, or associate of any Plaintiff, including at least the following:

      a.  arielosu@hotmail.com;

      b.  ariel-acn@hotmail.com;

      c.  swimmerchavan503@gmail.com;

      d.  chavana@onid.orst.edu;

      e.  nopo6982@hotmail.com;

      f.  seanchavan@hotmail.com;

      g.  capsky82@gmail.com;

      h.  seanchavan@yahoo.com.

   2. Within 14 days of service of the Court's order, identify to Plaintiffs' counsel all communications that Defendant made or caused or encouraged to be made under or in connection with the name, photograph, or other identifying information of any Plaintiff, or any family member, friend, or associate of any Plaintiff ("Impersonated Communications"), including:

      a.  the nature and content of such communications;

    b. each mailing address, email address, instant message account, social networking account, and other electronic or online account from which such communications were sent;

    c. each mailing address, email address, instant message account, social networking account, and other electronic or online account to which such communications were sent; and

    d. each intended recipient to which such communication was sent;

3. Within 21 days of service of the Court's order and judgment, to provide written confirmation to the Court and Plaintiffs' counsel that Defendant has informed each intended recipient of an Impersonated Communication in writing that each such Impersonated Communication was in fact made by Defendant, including Defendant's true legal name, and that such Impersonated Communication was not made by any Plaintiff, or any family member, friend, or associate of any Plaintiff.

IT IS SO ORDERED.

DATED this 6 day of July 2015.

                               _____
                               RICARDO S. MARTINEZ
                               UNITED STATES DISTRICT JUDGE